IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **CALVARY BAPTIST TEMPLE** | § | **Case No. 10-40754-JSD** |
| | § | |
| **Debtor** | § | |

**DEBTOR'S FIRST AMENDMENT AS OF JUNE 10, 2011
TO CHAPTER 11 PLAN PROPOSED FEBRUARY 16, 2011**

**COMES NOW**, Calvary Baptist Temple, Debtor in the above captioned case, and files this First Amendment to Debtor's Chapter 11 Plan in its Chapter 11 case pending before this United States Bankruptcy Court for the Southern District of Georgia by changing the language as to Class 3 – Series 2007 – II Bondholders, Class 4 - SunTrust Bank, Class 5 – General Unsecured Claims, and Article III as follows:

*Class 3 – Allowed secured claim of Series 2007 – II Bondholders.*

The allowed claims of Series 2007-II Bondholders shall be satisfied pursuant to the terms of the Settlement Agreement and Release (Agreement) which was approved by the United States Bankruptcy Court for the Southern District of Georgia, by Consent Order entered on January 18, 2011, said Agreement being attached to the Plan proposed February 16, 2011, and made a part hereof by express reference.

Should the Series II Bondholders, by and through the Trustee which may be elected by them from time to time, fail to acquire an interest in some or all of the 16 acres reserved for their benefit in said Agreement, either directly or indirectly, between now and the initial due date of Debtor's loan from SunTrust Bank pursuant to the terms of this Plan, then Debtor will exercise

1

its best efforts to satisfy the principal amount of the claims owing to the members of this Class at the time of the refinance of the Class 4 secured debt to SunTrust Bank.  In the event such a financial burden is found to be too great, or Debtor cannot further encumber its assets at such time,  then, once the first lien debt over the Church's property is satisfied, the Debtor shall, within 6 months of the first lien satisfaction, utilize its best efforts to satisfy the principal amounts of the claims owing to the members of this Class over a period of not less than 15 years in quarterly or semi-annually payments with interest at 2% from the date of commencement of payments.

*Class 4 - Allowed secured claim of SunTrust Bank.*

The allowed Claim # 19 of SunTrust Bank in the principal amount of $3,558,737.94 shall be satisfied in full as follows:

SunTrust Bank ("SunTrust") and Calvary Baptist Temple (the "Debtor") are parties to the following documents: (a) that certain Promissory Note dated July 22, 2009 in the principal amount of $2,800,000 executed by Debtor in favor of SunTrust ("Note One"); (b) that certain Promissory Note dated July 22, 2009 in the principal amount of $600,000 executed by Debtor in favor of SunTrust ("Note Two"); (c) that certain Promissory Note dated July 22, 2009 in the principal amount of $312,504.36 executed by Debtor in favor of SunTrust ("Note Three"); and (d) Deed to Secure Debt dated May 15, 2000 executed by Debtor in favor of SunTrust (collectively, together with all other documents executed in connection therewith, the "Loan Documents"). Pursuant to the terms of the Loan Documents, SunTrust holds a security interest in the Debtor's real property located at 4625 Waters Avenue, Savannah, Georgia 31404.

Pursuant to the Loan Documents, SunTrust holds a secured claim in the amount of $3,558,737.94 plus accrued interest, attorney's fees and other costs, as follows:

Principal due on Note One    $2,800,000.00
Principal due on Note Two    $ 460,425.15
Principal due on Note Three  $ 298,312.79

Total                        $3,558,737.94 plus interest, attorney's fees and other costs.

SunTrust also holds a contingent claim in the amount of $6,586,667.00 pursuant to that certain Letter of Credit Agreement dated November 1, 2006 executed by Debtor in favor of

SunTrust and that certain Irrevocable Letter of Credit No. F849190 issued by SunTrust in favor of U.S. Bank National Association, as Trustee.

Additionally, SunTrust holds a contingent claim in an unknown amount pursuant to that certain ISDA Master Agreement and Schedule dated April 13, 2006 and April 18, 2006 executed by Debtor in favor of the Bank.

A single monthly payment will be made to this creditor on the consolidated total of Notes 1, 2 and 3 above as follows:

First Year: Interest only at Wall Street Prime plus 2% with 7.25% ceiling paid monthly by ACH draft from a designated account.

Second Year: $5,000 principal reduction per month plus interest at Wall Street Prime plus 2% with 7.25% ceiling paid monthly by ACH draft from a designated account.

Third year: $10,000.00 principal reduction per month plus interest at Wall Street Prime plus 2% with 7.25% ceiling paid monthly by ACH draft from a designated account.

Provided that Debtor is not in default on any of its obligations to SunTrust then within 120 days before the end of the said payment term, SunTrust will commence negotiations in good faith on terms of a renewal.

In addition to the payments of the consolidated notes described above, and except as otherwise state herein, Calvary reaffirms and assumes its obligations under the following SunTrust documents:

a. That certain Letter of Credit Agreement dated November 1, 2006 and that certain Irrevocable Letter of Credit No F849190 issued in favor of U.S. Bank National Association, as Trustee, and

b. That certain ISDA Master Swap Agreement and Schedule dated April 13, 2006 and April 18, 2006 executed by the Debtor in favor of SunTrust Bank in the principal amount of $6,100,000 as of the filing date.

Any and all liabilities of the Debtor under the foregoing agreements [(a) and (b)] shall be paid to SunTrust Bank in a timely manner when due under the foregoing agreements and all obligations shall continue to be secured by all existing collateral pursuant to the terms of the existing loan and security documents. Amounts due on the Swap Agreement, should it be lawfully terminated, will be added to the principal due and amortized with the primary debt.

Upon any default by Debtor under the terms of this Plan, and a failure to cure any default within 20 days of receipt of written notice by Debtor sent by U.S. Mail certified, return receipt requested to Fred Cooper, Administrative Offices, Calvary Baptist Temple, 4625 Waters Ave., Savannah, Ga. 31404, this creditor shall be authorized to foreclose under the laws of the State of Georgia.

c.  **Pursuant to Article III of this Plan , any and all obligations** of Debtor that exist under or that are related to that certain Bond Purchase Agreement dated November 1, 2006, between Savannah Economic Development Authority and Calvary Baptist Temple;  that certain Loan Agreement dated November 1, 2006, between Savannah Economic Development Authority and Calvary Baptist Temple; that certain Letter of Credit Agreement dated November 1, 2006, between Calvary Baptist Temple and SunTrust Bank, and  that certain Remarketing Agreement dated November 1, 2006, between Calvary Baptist Temple and SunTrust Capital Markets, Inc., all relating to a $6,500,000 Savannah Economic Development Authority Revenue Bond issuance (Calvary Day School Project) Series 2006 shall be and **are hereby expressly assumed** and shall not be affected in any way by any language to the contrary in this Plan.

*Class 5 - All other general unsecured claims.*

The general unsecured claims shall be paid in full on or before 12 months from the effective date with interest from the effective date at a rate of 3% simple.

## ARTICLE III

## PROVISION FOR ACCEPTANCE OR REJECTION

## OF EXECUTORY CONTRACTS

1.  $6,500,000 in principal amount Revenue Bonds (Calvary Day School Project), Series 2006 (the "Bonds") have been issued and are held in trust by U.S. Bank National Association, a banking association chartered and existing under the laws of the United States of America under that certain Indenture of Trust  with  Savannah Economic Development Authority, a public body corporate and politic and an instrumentality of the State of Georgia created and existing under the Constitution and Laws of the State of Georgia, dated November 1, 2006.

**Any and all obligations** of Debtor that exist under or that are related to that certain Bond Purchase Agreement dated November 1, 2006, between Savannah Economic Development Authority and Calvary Baptist Temple;  that certain Loan Agreement dated November 1, 2006, between Savannah Economic Development Authority and Calvary Baptist Temple; that certain

Letter of Credit Agreement dated November 1, 2006, between Calvary Baptist Temple and SunTrust Bank, and that certain Remarketing Agreement dated November 1, 2006, between Calvary Baptist Temple and SunTrust Capital Markets, Inc., all relating to a $6,500,000 Savannah Economic Development Authority Revenue Bond issuance (Calvary Day School Project) Series 2006 shall be and **are hereby expressly assumed** and shall not be affected in any way by any language to the contrary in this Plan.

2. Except to the extent otherwise provided herein, all leases with Debtor are current and are hereby assumed.

*Except as stated in this amendment, the terms and conditions of the Plan dated February 16, 2011, remain the same*

This 10TH day of June, 2011.

                Respectfully submitted,

                MCCALLAR LAW FIRM

                By: */s/ C. James McCallar, Jr.*
                C. James McCallar, Jr.
                Georgia Bar Number 481400
                Tiffany E. Caron
                Georgia Bar Number 745089
                Attorneys for Debtor

McCallar Law Firm
Post Office Box 9026
Savannah, GA 31412
Tel:   (912) 234-1215
Fax:   (912) 236-7549

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CALVARY BAPTIST TEMPLE | § | Case No. 10-40754-JSD |
| | § | |
| Debtor | § | |

CERTIFICATE OF SERVICE

I, C. James McCallar, Jr., do hereby certify that I have this date served the foregoing Debtor's First Amendment to Plan upon the following by depositing a copy of the same in the United States mail with proper postage affixed or by electronic service:

Matthew Mills
Assistant U.S. Trustee
222 West Oglethorpe Ave. Suite 302
Savannah, GA 31401
matthew.e.mills@usdoj.gov

Wiley A. Wasden III
William E. Dillard
Brennan & Wasden LLP
P.O. Box 8047
Savannah, Georgia 31412
 wwasden@brennanandwasden.com
 bdillard@brennanandwasden.com

John A. Thomson, Jr., Esq.
Womble Carlyle Sandridge & Rice, PLLC
271 17th Street, N.W.
Suite 2400
Atlanta, Georgia 30363-1017
jthomson@wcsr.com

David W. Cranshaw, Esq.
Morris, Manning & Martin, LLP
3343 Peachtree Road, NE, Ste 1600

Atlanta, Georgia 30326
dwc@mmmlaw.com

Mark Bulovic
Bulovic Law Firm, LLC
1020 Bryan Woods Loop, Ste 5
Savannah, GA    3141
bulovic@comcast.net

GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh
claims@recoverycorp.com

Curtis L. Mack, Esq.
Thomas R. Walker, Esq.
McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309

This 10th day of June, 2011.

                    Respectfully submitted,

                      MCCALLAR LAW FIRM

                      By:__/s/ C. James McCallar, Jr.__
                      C. James McCallar, Jr.
                      Georgia Bar Number 481400
                      Tiffany E. Caron
                      Georgia Bar Number 745089
                      Attorneys for Debtor

McCallar Law Firm
Post Office Box 9026
Savannah, GA 31412
Tel:    (912) 234-1215
Fax:    (912) 236-7549